(23 Misc. Rep. 443.)

### MASON v. TIETIG.

(City Court of New York, General Term.　April, 1898.)

1. LEASE TO FIRM—PARTNER HOLDING OVER.
   Where property is leased to a firm for a year, one partner holding over does not thereby become a tenant for another year under the terms of the lease.

2. SAME—DURATION OF TERM.
   2 Rev. St. p. 1818, § 1, provides that agreements for the occupation of land in the city of New York which do not specify the duration shall be deemed valid until the 1st of May next after the possession shall commence. *Held*, that a holding over by a partner after the expiration of a lease to the firm created an occupation under the statute, and, if he remained after the first of May next ensuing, the letting would continue for another year.

Appeal from trial term.

Action by Frederick T. Mason against Frederick Tietig. From a judgment in favor of defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Charles T. Terry, for appellant.
James S. Lehmaier, for respondent.

O'DWYER, J.   The possession by the defendant of No. 17 Wooster street, after February 1, 1896, was not taken under the original lease.   It is true that, when a tenant under a lease for a year holds over after the expiration of the year, he may, at the election of the landlord, be held as a tenant for another year, under the terms of the lease.   But that is not this case.   The defendant was not the tenant under the original lease.   That he was a member of the firm who were the tenants has no effect whatever.   As he was not the tenant under the lease, he could not be deemed to hold over under the lease. James v. Pope, 19 N. Y. 324; Buchanan v. Whitman, 151 N. Y. 257, ·45 N. E. 556.

We must now consider the defendant's liability, if any, by reason of the transactions had, which put him in possession of the premises No. 17 Wooster street.   From a careful examination of the evidence, it is clear that the renting of those premises was not from month to month, and there is no evidence to support a finding that there was a lease from June 1, 1896, for one year.   The plaintiff testifies that nothing was said with respect to the term that the defendant should have, and in this statement he is supported by the defendant, who testifies that nothing was said about the term or amount of rental.   It then appears from the defendant's testimony that he took possession of the premises some time in June, 1896.   In view of the fact that the premises were not let for the definite term of one year, it becomes necessary to consider the effect of the statute providing that "agreements for the occupation of land or tenements, in the city of New York, which shall not particularly specify the duration of such occupation, shall be deemed valid until the first day of May next after the possession under such agreement shall commence."   2 Rev. St. (9th Ed.) p. 1818, § 1.   From the evidence it is clear that this hiring was governed by the statute, and the time would continue until the 1st of May following; and, the tenant having remained in possession thereafter, the yearly letting thus created would continue for another year.   Douglass v. Seiferd, 18 Misc. Rep. 188, 41 N. Y. Supp. 289.   It is contended by the respondent that from the cross-examination of the plaintiff's witness it appears that a specified yearly hiring was shown to take effect from the 1st of June, but the evidence fails to support any such claim.   Both plaintiff and defendant have testified that nothing was said about the term.   The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.   All concur.